UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| ROBERT BAYSE,<br><br>    Petitioner,<br><br>S. OUBRE,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)   Case No.  CV413-011<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

Robert Bayse has filed a successive 28 U.S.C. § 2254 petition. Doc. 1; *see Bayse v. Lewis*, CV401-161, doc. 15 (S.D. Ga. Nov. 6, 2001) (dismissing § 2254 petition on the merits). He conspicuously failed to even mention this Court's 2001 ruling in his latest filing. Doc. 1. Nor, for that matter, does he show any compliance with the successiveness bar:

> Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis supplied). This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. § 1631, as a motion for authorization to proceed in district court. *See Felker v. Turpin*, 518 U.S. 651, 664, 116 S. Ct. 2333, 135 L.Ed.2d 827 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." *Guenther v. Holt*, 173 F.3d 1328, 1330–31 (11th Cir. 1999).

*Williams v. Pearce*, 2012 WL 5353581 at * 2 (S.D. Ga. Sep. 24, 2012).

But under 28 U.S.C. § 2244(b) a transfer is not authorized, as is the case here, where the claim has been reached before, or could have been. Instead, dismissal is warranted. *Id.* at * 3.[1] There are exceptions, such as where a new rule of constitutional has since intervened, *id.,* or where new facts arise. *Tompkins v. Secretary, Dep't of Corr.*, 557 F.3d 1257, 1260 (11th Cir. 2009) (noting "[t]he stringent requirements that a petitioner must meet before being allowed to assert a claim in a second habeas petition because of newly discovered facts about events that occurred before the filing of the first petition"). Bayse qualifies for no such exception here. As in *Williams,* his petition should be dismissed. *Schell v. Warden*, 2012 WL 5362210 at * 1 (W.D. Okla. Oct. 17, 2012).

For jurisdiction-granting purposes, then, Robert Bayse's *in forma pauperis* (IFP) motion (doc. 3) is **GRANTED**, his "motion to proceed out of time" (doc. 2) is **DENIED** as moot, and his § 2254 petition must be dismissed. Applying the Certificate of Appealability (COA) standards set

---

[1] *See also In re Cline*, 531 F.3d 1249, 1251–52 (10th Cir. 2008) ("When a second or successive § 2254 ... claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so ... or it may dismiss the motion or petition for lack of jurisdiction.").

forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, IFP status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 25th day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA